JOE STOCKNER *v.* L. & N. WILCZINSKI.

ESTOPPEL. *Admissions. Intent.*

>    Although a debtor, after examining with his attorney his creditor's books of account, admitted that certain disputed items were satisfactorily explained, and then asked and obtained further credit for goods, this will not estop him, when sued for their price, to set up as an offset the items formerly claimed to be errors, it not appearing that the admission was made for or served the purpose of securing the additional credit.

FROM the circuit court of Sunflower county.

HON. R. W. WILLIAMSON, Judge.

Action by L. & N. Wilczinski to recover of Joe Stockner on an open account for goods sold. Plaintiffs had judgment, both in the justice court and the circuit court, and defendant appeals.

The fifth instruction, the giving of which for plaintiffs the court holds to be erroneous, is as follows: .

" 5. The court instructs the jury that, if Stockner went with his attorney, Baker, to Wilczinski's store to examine his accounts, items of which Stockner claimed were erroneous, and Stockner, Baker and Wilczinski went over the books together, and Wilczinski explained the books and items to Stockner and Baker, and Stockner admitted the same

to be correct, and expressed himself satisfied, and he, on that date, afterwards applied to Wilczinski to extend to him further credit, and Wilczinski, relying on such admission, did so, and sold him the goods for which suit is brought, then Stockner is estopped to set up as an offset the same errors previously existing in said account, or the amounts claimed in his bill of particulars as offsets, and the jury will find for plaintiffs, notwithstanding the other instructions in the case."

The question decided by the court will be apparent from the hypothetical case stated in this instruction and the facts stated in the opinion.

*Southworth, Paxton & Stevens* and *S. D. Neill*, for appellant.

The fifth instruction is clearly erroneous. The hypothetical case it states is not supported by the evidence. Besides, there is no testimony that the additional goods were sold on the faith of Stockner's alleged admissions as to the correctness of the settlement.

*J. Holmes Baker* and *C. C. Moody*, for appellee.

It was not necessary to show that Wilczinski was influenced by or acted upon the admission. While the words "relying on such admission," in the instruction, may have operated prejudicially to plaintiffs' case, certainly they cannot be objected to by appellant. Considering the settlement as making the accounts an account stated, it was not competent to go behind such settlement. As to the effect of an account stated, see *Anding* v. *Levy*, 57 Miss., 51.

COOPER, J., delivered the opinion of the court.

The facts recited in the fifth instruction for the plaintiffs in reference to the examination by the defendant and his attorney of the plaintiffs' books, and the admission by the defendant that the matter in dispute had been satisfactorily explained, were competent evidence to be considered by the

jury; but that these circumstances, and the further fact that afterwards Wilczinski, "relying on such admission," extended to the defendant further credit, and sold him the goods for the price of which this suit is brought, operated as an estoppel against the defendant to further controvert the correctness of the former settlement, cannot be affirmed.

The plaintiff who was examined as a witness does not say that the admissions of the defendant were at all influential in procuring the further credit, and there is nothing in the evidence to suggest that these admissions were relied on by the plaintiffs as the basis of such credit. It may be true that plaintiffs would have declined further dealings with defendant but for his statement that the previous settlement had been satisfactorily explained, but there is nothing to suggest that this admission was made for the purpose, or served the purpose, of securing the additional credit, or that the plaintiffs, relying thereon, extended such credit. The application of the rule of equitable estoppel was not warranted by the facts, and, for this error,

*The judgment is reversed, and a new trial awarded.*